## Commonwealth v. Eckhart

*Richard W. Webb, District Attorney,* for Commonwealth.

*Michael L. Ozalas,* of *Nanovic & McKinley,* for defendants.

HEIMBACH, *S.J.,* October 18, 1977—On June 15, 1977, defendant, Kerry Eckhart, was arrested by Palmerton Police Officer Larry Arner in the Palmerton Borough parking lot located on the 200 block of Delaware Avenue, Palmerton, Pa., for violation of Palmerton Ordinance no. 367B(2). The nature of the offense as stated on the citation was that defendant drank in public from a 12 oz. bottle of beer.

Since the unlawful act charged is "that the defendant drank in public from a 12 oz. bottle of beer,"

the sole issue before us is whether a crime or offense has been charged. Pa.R.C.P. 252, inter alia, requires: "(c) a citation of the specific section and subsection of the statute or ordinance violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged." Appellant is charged with violating ordinance no. 367B(2), which provides:

"WHEREAS, the Council of the Borough of Palmerton desires that the public peace shall not be broken or disturbed by certain acts of disorderly conduct as hereinafter set forth:

"NOW THEREFORE, BE IT ENACTED AND ORDAINED that the following acts shall be defined as constituting disorderly conduct:

". . .

"B. Alcoholic Beverages.

"Any person who shall drink or consume alcoholic or malt beverages,

". . .

"(2) while said person is standing or traveling on the public streets . . ."

Admittedly, defendant did what he is charged with having done, but the issue to be resolved is—Is what he did disorderly conduct? Defining such conduct disorderly conduct, of course, does not make it so per se.

The borough council enacted the ordinance under the specific powers given to it by the provisions of The Borough Code of February 1, 1966, P.L. (1965) 1656, as amended, 53 P.S. §46202(20), which provides:

"(2) Disorderly conduct; disturbance of the peace; ordinances.

"To adopt ordinances defining disorderly conduct and/or disturbing the peace within the limits of the borough, and to provide for the imposition of penalties for such conduct in such amounts, without limitation except as in this act provided, as council shall establish, and notwithstanding any statutes of the Commonwealth upon disorderly conduct and/or disturbing the peace and the penalties therefor."

The above-noted provision of The Borough Code does not materially differ from the provisions of subsection 55 of The Third Class City Code of June 10, 1947, P.L. 494, and June 28, 1951, P.L. 662, as amended, 53 P.S. §37403(55), which provides:

"Disorderly conduct. To define disorderly conduct within the limits of the city and to provide for the imposition of penalties for such conduct in such amounts, without limitation except as in this act provided, as council shall establish, and notwithstanding any statutes of the Commonwealth upon disorderly conduct and the penalties therefor."

For this reason we are to be guided in the determination of the issue by the Supreme Court's statement in Chester v. Elam, 408 Pa. 350, 184 A. 2d 257 (1962)* at 355, viz.:

---

*In the Elam case appellants were arrested and charged with disorderly conduct under an ordinance of the city. At the time of their arrest one of the appellants possessed a concealed steel bar and another had a blackjack. They were found guilty of disorderly conduct under an ordinance provision that reads—"Any person who creates or participates in a disturbance, or in a disorderly assembly, in any street, house or place . . . shall upon conviction . . . be fined" etc.

"Even, however, were the disorderly conduct section of the Chester City Code properly enacted, we still would be required to invalidate its provisions. It fails to 'define disorderly conduct' as required by the legislature in the enabling legislation of The Third Class City Code, 53 P.S. §37403(55). It is significant that in enacting section 406 of The Penal Code of 1939, June 24, P.L. 872, 18 P.S. §4406, the legislature set forth in some detail the elements of the offense of disorderly conduct. In the adoption of its ordinance, a third class city cannot be permitted to do any less nor can it define disorderly conduct in a manner that does not bear striking resemblance to the definition contained in The Penal Code."

Section 5503 of the Crimes Code (effective June 6, 1973) defines disorderly conduct as follows:

"(a) Offense defined. A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."

It is to be noted the Crimes Code requires to be included in the definition of disorderly conduct *an intent* to cause certain situations, or in lieu thereof engaging in reckless conduct that would create such a situation. The Crimes Code likewise delineates the elements of the offense of disorderly conduct. Merely drinking beer on a public street, unaccompanied by any other act, is not among the

elements (1) to (4) listed in the code, nor from that act alone may an inference be drawn that the actor *intended* to cause public inconvenience, annoyance or alarm, nor does such act infer an act of recklessness.

The City of Lyons v. Suttle case, 209 Kan. 735, 498 P. 2d 9 (1972), cited by appellee, is completely inapposite. The offense charged in the Lyons case was brought under an ordinance prohibiting consumption of a malt beverage in a vehicle and not under a disorderly conduct charge. The ordinance was not shackled by a definition requirement of a statute.

For the reasons stated we enter the following

### ORDER

Now, October 18, 1977, the appeal of Kerry Eckhart is sustained and he is found not guilty of the charge and is discharged.

Fine and costs to be remitted.